David L. Miller, WY #7-5951
Brian J. Porter, WY #7-6035
**MCKAY, BURTON & THURMAN, P.C.**
Gateway Tower West
15 West South Temple, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail: dmiller@mbt-law.com
E-mail: bporter@mbt-law.com
*Attorneys for Plaintiff David L. Miller, Trustee of the*
*Chapter 7 Bankruptcy Estate of Dynamic Custom Homes, LLC*

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>DYNAMIC CUSTOM HOMES, LLC.<br><br>Debtor. | Bankruptcy Case 20-20086 CDP<br>(Chapter 7) |
| DAVID L. MILLER, Trustee of<br>the Chapter 7 Bankruptcy Estate<br>of Dynamic Custom Homes, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>WATER WORKS, INC.,<br><br>Defendant. | Adversary Proceeding 20-_____<br><br>Judge Cathleen D. Parker<br><br>**FILED ELECTRONICALLY** |

**COMPLAINT**

Plaintiff David L. Miller, as trustee of the Chapter 7 bankruptcy estate of Dynamic Custom Homes, LLC in bankruptcy case 20-20086, hereby complains and alleges against Water Works, Inc. as follows:

## PARTIES

1. Plaintiff David L. Miller ("Plaintiff") is the duly appointed, qualified, and acting trustee of the Chapter 7 bankruptcy estate of Dynamic Custom Homes, LLC ("Debtor") in bankruptcy case 20-20086 (the "Bankruptcy Case") and pursuant to 11 U.S.C. § 323 is the representative of Debtor's bankruptcy estate and has the capacity to sue.

2. Defendant Water Works, Inc. ("Water Works") is an Wyoming corporation with its principal office located at 412 North Main Street, Suite 100, Buffalo, Wyoming 82834.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 85 of the United States District Court for the District of Wyoming.

4. This is a core proceeding as defined by 28 U.S.C. §157(b)(2) and arises under Title 11 of the United States Code (the "Bankruptcy Code") and relates to the Bankruptcy Case.

5. Venue for this adversary proceeding is proper in the United States District Court for the District of Wyoming in accordance with 28 U.S.C. § 1409.

## GENERAL ALLEGATIONS

6. Prior to March 4, 2020, Debtor and Water Works entered into a business relationship wherein Water Works provided good and/or services to Debtor in exchange for monetary compensation.

7. From December 5, 2020 to March 4, 2020, upon information and belief, Debtor transferred a total of $54,781.73 to Water Works on account of obligations owed by Debtor to Water Works for goods previously purchased and/or services previously performed (the "Transfers").

8. At the time of the Transfers, Debtor's obligations to Water Works were antecedent debts.

9. At the time of the Transfers, Debtor could not meet its debts and obligations as they became due because the income it generated was less than the amount necessary to service its debts.

10. At the time of the Transfers, Debtor was insolvent.

11. On March 4, 2020 (the "Petition Date"), Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

12. On or about March 4, 2020, Plaintiff was appointed as the trustee of Debtor's Chapter 7 bankruptcy estate in the Bankruptcy Case.

13. The Transfers were made within ninety (90) days of the Petition Date.

14. The Transfers enabled Water Works to receive more than it would have otherwise received as a creditor in the Bankruptcy Case.

15. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking to avoid and recover the value of the Transfers, which is alleged to be at least $54,781.73 or such greater amount as may be proven at trial.

16. On or about April 28, 2020, Plaintiff, through counsel, sent a letter to Water Works explaining his understanding of the facts of this case and outlining his claims against Brady's.

17. Water Works did not respond to Plaintiff's April 28, 2020 letter.

### FIRST CAUSE OF ACTION
*(Preference – 11 U.S.C. §547(b))*

18. Pursuant to Federal Rule of Civil Procedure 10(c), as made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7010, Plaintiff incorporates by reference paragraphs one (1) through seventeen (17) of this complaint as if fully set forth herein.

19. The Transfers constitute transfers of Debtor's interest in property.

20. The Transfers were made on or within ninety (90) days of the Petition Date.

21. The Transfers were to or for the benefit of Water Works, who is or was a creditor of Debtor on the Petition Date.

22. The Transfers were for, or on account of, an antecedent debt owed by Debtor to Water Works before the Transfers were made.

23. The Transfers were made while Debtor was insolvent since Debtor could not meet its debts and obligations as they became due.

24. The Transfers enabled Water Works to receive more than it would otherwise receive in the Bankruptcy Case if it had not received the Transfers.

25. By reason of the foregoing, the Transfers should be avoided as preferential transfers under 11 U.S.C. § 547(b).

## SECOND CAUSE OF ACTION
*(Recovery of Avoided Preferential Transfer – 11 U.S.C. §§ 550 and 551)*

26. Pursuant to Federal Rule of Civil Procedure 10(c), as made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7010, Plaintiff incorporates by reference paragraphs one (1) through twenty-five (25) of this complaint as if fully set forth herein.

27. The Transfers are avoidable under 11 U.S.C. § 547.

28. Pursuant to 11 U.S.C. § 550, Plaintiff, for the benefit of Debtor's bankruptcy estate, is entitled to recover from Water Works the Transfers or the value of the Transfers.

**WHEREFORE**, based on the foregoing, Plaintiff requests relief and remedy against Water Works as follows:

A. On the first cause of action, a judgment against Water Works avoiding the Transfers as preferential transfers under 11 U.S.C. § 547;

B. On the second cause of action, a judgment against Water Works allowing Trustee to recover and preserve the Transfers or the value of the Transfers for the benefit of Debtor's bankruptcy estate under 11 U.S.C. §§ 550 and 551; and

C. For such other relief and remedy as deemed appropriate by the Court.

DATED this 11th day of September, 2020.

**MCKAY, BURTON & THURMAN, P.C.**

/s/ Brian J. Porter
Brian J. Porter
*Attorneys for Plaintiff David L. Miller,*
*Trustee of the Chapter 7 Bankruptcy Estate*
*of Dynamic Custom Homes, LLC*